```
 1
 2            IN THE UNITED STATES DISTRICT COURT FOR THE
                    WESTERN DISTRICT OF MISSOURI
 3                        SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,     ) Case No. 10-05055-01-CR-SW-BCW
                                  )
 5          Plaintiff,             ) Springfield, Missouri
                                  ) June 21, 2012
 6  v.                             )
                                  )
 7  JOHN PAUL GAMAGE,              )
                                  )
 8          Defendant.             )
    _____)
 9
              TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10            BEFORE THE HONORABLE JAMES C. ENGLAND
                  UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:            James J. Kelleher, Esq.
13                                AUSA
                                  901 St. Louis St., Ste. 500
14                                Springfield, MO  65806
                                  (417) 831-4406
15
    For the Defendant:            Steven Meier, Esq.
16                                P.O. Box 2306
                                  Nixa, MO  65114
17                                (417) 725-8686

18  Court Audio Operator:         Ms. Glenda Elayer

19  Transcribed by:               Rapid Transcript
                                  Lissa C. Whittaker
20                                1001 West 65th Street
                                  Kansas City, MO  64113
21                                (816) 914-3613

22

23

24  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.
25
```


(Court in Session at 11:02 a.m.)

THE COURT: Mr. Gamage, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you've signed this consent, you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the Government establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present and be represented by counsel. You have a right to confront and cross-examine witnesses. You have a right to subpoena evidence and you have a right to testify or not testify, as you would choose. And if you chose not to testify, it would not be held against you because that is your right. If, after understanding the charge against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may waive or give up that right and proceed this morning before the Magistrate Judge. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. GAMAGE: Yes, sir.

1     THE COURT: Is it your desire to give up that right and
2 to proceed this morning before the Magistrate Judge?
3     MR. GAMAGE: Yes, sir.
4     THE COURT: I think there is an error on the first page
5 of the Plea Agreement. It indicates that the defendant is
6 pleading guilty to the sole -- is it the sole count of the
7 original indictment?
8     MR. KELLEHER: He's pleading guilty to the original
9 Indictment, Your Honor.
10    THE COURT: Okay. So, the superseding then will be
11 dismissed at the time of sentencing, is that --
12    MR. KELLEHER: That is correct, Your Honor.
13    THE COURT: Okay. All right. It's not a mistake. Mr.
14 Gamage, do you understand the charge against you in the one-count
15 Indictment that was returned on December 21, 2010?
16    MR. GAMAGE: Yes, sir.
17    THE COURT: And do you understand that the range of
18 punishment, if convicted of that charge, is not more than 30
19 years imprisonment, a $250,000 fine, not more than a life term of
20 supervised release and a $100 mandatory special assessment?
21    MR. GAMAGE: Yes, sir.
22    THE COURT: And to the charge contained in the original
23 Indictment, how do you wish to plead, guilty or not guilty?
24    MR. GAMAGE: Guilty.
25    THE COURT: Would you raise your right hand, please?

1               JOHN PAUL GAMAGE, DEFENDANT, SWORN

2       THE COURT: Sir, has anyone made any threat of any kind
3 to force you to plead guilty or to give up any of the other
4 rights that we have discussed?

5       MR. GAMAGE: No, sir.

6       THE COURT: You've signed a Plea Agreement. Have you
7 gone over that with Mr. Meier?

8       MR. GAMAGE: Yes, sir.

9       THE COURT: And do you understand what's in it?

10      MR. GAMAGE: Yes, sir.

11      THE COURT: Other than what's contained in that Plea
12 Agreement, has anyone made any promise of any kind to induce you
13 or overcome your will to get you to plead guilty or to give up
14 any of the other rights that we have discussed?

15      MR. GAMAGE: No, sir.

16      THE COURT: I mentioned to you that there is a
17 supervised release term of up to life that could be imposed in
18 your case. Do you understand that if that term is imposed and
19 then revoked for any reason, that you could be required to serve
20 an additional term of imprisonment of not more than five years
21 without receiving any credit for any other time you had spent in
22 custody or on release?

23      MR. GAMAGE: Yes, sir.

24      THE COURT: And if you commit any criminal offense which
25 involves a minor victim which is punishable by a term of

1  imprisonment of more than one year, the court is required to
2  revoke the term of supervised release, and you would be required
3  to serve a term of imprisonment of not less than five years.  Do
4  you understand that?
5          MR. GAMAGE:  Yes, sir.
6          THE COURT:  Do you understand that the court could then
7  impose an additional term of supervised release, which is
8  governed by the maximum of the statute minus any time you had
9  spent in custody as a result of a violation?
10         MR. GAMAGE:  Yes, sir.
11         THE COURT:  Do you understand that from a sentence
12 imposed in your case that there is no parole?
13         MR. GAMAGE:  Yes, sir.
14         THE COURT:  Do you understand that there are Sentencing
15 Guidelines to which the court will refer in an advisory capacity
16 when attempting to fashion a reasonable sentence in your case?
17         MR. GAMAGE:  Yes, sir.
18         THE COURT:  Have you discussed the guideline
19 calculations with Mr. Meier?
20         MR. GAMAGE:  Yes, sir.
21         THE COURT:  And do you understand them?
22         MR. GAMAGE:  Yes, sir.
23         THE COURT:  Do you understand that the final decision as
24 to how those guidelines are calculated and ultimately what
25 sentence will be imposed rests with the District Judge?

1    MR. GAMAGE: Yes, sir.

2    THE COURT: If the District Judge would calculate the
3 guidelines differently from what's in the Plea Agreement, from
4 you've discussed with Mr. Meier, that fact does not give you the
5 right to withdraw your plea of guilty.

6    MR. GAMAGE: Yes, sir.

7    THE COURT: Do you understand that once the judge
8 establishes the guideline range, in some circumstances, you could
9 be sentenced above that range, in other circumstances, below that
10 range? And again, the judge's decision, should you disagree,
11 would not give you the right to withdraw your plea of guilty.

12    MR. GAMAGE: Yes, sir.

13    THE COURT: You have a right to a trial by jury with the
14 protections that I explained to you at the beginning of these
15 proceedings. Do you understand your right to a trial by jury?

16    MR. GAMAGE: Yes, sir.

17    THE COURT: Do you understand that if you plead guilty
18 that there won't be a trial?

19    MR. GAMAGE: Yes, sir.

20    THE COURT: Now, I'm going to ask you about the offense
21 charged in the sole count of the Indictment returned December 21,
22 2010. You're under oath. You must answer truthfully. Any false
23 answers could result in charges of false swearing or perjury.
24 You always have the right to remain silent. I want to refer you
25 to your Plea Bargain Agreement. On page 2 of that agreement,

1 Section 3 is entitled "Factual Basis for Guilty Plea." Have you
2 reviewed Section 3?
3     MR. GAMAGE: Yes, sir.
4     THE COURT: And are the statements contained in Section
5 3 true?
6     MR. GAMAGE: Yes, sir.
7     THE COURT: Mr. Meier, you have had discovery in this
8 matter. Are you satisfied if put to proof that the Government
9 could make a submissible case on the elements set out in Section
10 3?
11     MR. MEIER: I am so satisfied, Your Honor.
12     THE COURT: There's an adequate factual basis for the
13 plea of guilty in this matter. Mr. Gamage, you're represented in
14 this case by Mr. Meier. Have you had enough time to talk with
15 him about your case?
16     MR. GAMAGE: Yes, sir.
17     THE COURT: And are you satisfied with the advice that
18 he has given you?
19     MR. GAMAGE: Yes, sir.
20     THE COURT: The law requires me to ask you if this
21 morning you're on any medication prescribed by a physician or any
22 drugs or alcohol of any kind which would affect your ability to
23 understand what we're doing?
24     MR. GAMAGE: No, sir.
25     THE COURT: The Plea Bargain Agreement that you have

signed also has what we refer to as an appeal waiver. And it provides that you acknowledge, understand and agree that by pleading guilty pursuant to the Plea Agreement, that you waive your right to appeal now or collaterally attack later a finding of guilt following the acceptance of the Plea Agreement, except on grounds of ineffective assistance of counsel or prosecutorial misconduct. You expressly waive your right to appeal your sentence, directly now or collaterally later, on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct or an illegal sentence. An illegal sentence includes a sentence imposed in excess of the statutory maximum, but does not include less serious sentencing errors such as a misapplication of the Sentencing Guidelines, an abuse of discretion or the imposition of an unreasonable sentence. However, if the Government exercised its right to appeal, you would be released from the waiver and could appeal as allowed by law. Do you understand, sir, that by signing this Plea Agreement that you've given up those rights to appeal?

    MR. GAMAGE: Yes, sir.

    THE COURT: Understanding that and the other matters that we have discussed this morning, is it your desire for the court to accept your plea of guilty?

    MR. GAMAGE: Yes, sir.

    THE COURT: Mr. Kelleher, on behalf of the United States, is there any other record under Rule 11 that you want me

1  to make?

2  MR. KELLEHER: Not under Rule 11, Your Honor. However,
3  I will -- Mr. Meier pointed out this morning that Mr. Gamage only
4  has one "M" in his name, and I'd ask leave of the Court to modify
5  the original Indictment by interlineation to omit the second "M"
6  so that the records from here on out are at least clear as to the
7  proper spelling of his name.

8  THE COURT: Mr. Meier, is that correct?

9  MR. MEIER: That is, Your Honor.

10  THE COURT: All right. I will grant the request and
11  authorize the Clerk's Office to change the heading in this matter
12  to reflect one "M."

13  MR. KELLEHER: Thank you, Your Honor.

14  THE COURT: All right. Glenda, is that sufficient, do
15  you think?

16  MS. ELAYER: Yes.

17  THE COURT: Okay. All right. Mr. Meier, I assume that
18  you and your client have no objection to amending this by
19  interlineation?

20  MR. MEIER: None whatsoever, Your Honor.

21  THE COURT: All right. Is there any other record under
22  Rule 11, Mr. Meier, on behalf of Mr. Gamage, that you would like
23  me to make?

24  MR. MEIER: No, Your Honor. Thank you.

25  THE COURT: I will then recommend that the plea of

1  guilty be accepted and then I will order a Presentence
2  Investigation to be conducted in the Probation Office.  And from
3  this point forward, all pleadings should reflect the correct
4  spelling.
5           MR. KELLEHER:  Thank you, Your Honor.
6           THE COURT:  All right.
7           MR. MEIER:  Thank you.
8           THE COURT:  We will be in recess.
9                (Court Adjourned at 11:12 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

       /s/ Lissa C. Whittaker       June 25, 2012
       Signature of transcriber       Date